UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKKIA ROJAS,

                Plaintiff,

    v.

TEVA PHARMACEUTICALS USA, INC., *et al.*,

                Defendants.

No. 20-CV-6448 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On October 21, 2020, Plaintiff filed a Motion To Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation (the "Motion" and the "JPML"). (Mot. (Dkt. No. 23); Mem. in Supp. ("Pl.'s Mem.") (Dkt. No. 23-1).) The JPML is considering whether to consolidate cases arising out of injuries allegedly resulting from use of the ParaGard Intrauterine Device ("ParaGard"). (*Id.*) Defendants opposed the Motion, but did not argue that the stay would prejudice them. (Defs.' Mem. in Opp. to Mot. ("Defs.' Mem.") (Dkt. No. 43).)[1] Plaintiff submitted a reply. (Dkt. No. 50.)

The Court has inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court decides whether to issue a stay by weighing five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[1] Three defendants—Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc.—did not join this opposition because they intend to contest the Court's personal jurisdiction. (Defs.' Mem. 2.)

*Ritchie Cap. Mgmt., LLC v. Gen. Elec. Cap. Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (quoting *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013)).  Many courts have stayed proceedings pending a decision by the JPML on whether to consolidate cases.  *See, e.g., Royal Park*, 941 F. Supp. 2d at 370 (collecting cases) ("[C]ourts have routinely stayed motions pending rulings by the JPML"); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML] because of the judicial resources that are conserved.").  Indeed, in this district, at least three courts have stayed proceedings in cases related to ParaGard based on nearly identical applications.  (*See* Dkt. No. 42 (*Harnish*, 20-CV-5942 Dkt.); Dkt. No. 82 (*Lewis*, 20-CV-4048 Dkt.); and Dkt. No. 36 (*Silfa*, 20-CV-7979 Dkt.); *cf.* Dkt. (minute entry for Nov. 9, 2020) (*Melendez*, 20-CV-6683 Dkt.) (staying discovery "with the exception of motion practice, Rule 26 Initial Disclosures, and the exchange (but not production) of document requests").)

Here, the Court similarly finds that a stay is appropriate.  A stay will allow Plaintiff and Defendants to avoid the risk of duplicating their briefing on Defendants' motion to dismiss.  (*See* Pl.'s Mem. 4–5.)  A stay will also reduce the risk of inconsistent rulings.  (*See id*. at 5.)  If the JPML declines to consolidate the ParaGard cases, this Action will proceed as before, with no prejudice to either party.  (*See id*.)  As mentioned, Defendants do not argue that they would be prejudiced by a stay.  (*See generally* Defs.' Mem.)  Further, because the JPML has scheduled a hearing for December 3, 2020, (*see* Dkt. No. 28 (*In re: ParaGard IUD Prods. Liab. Litig.*, MDL No. 2974 Dkt.)), the stay will likely be short, which further reduces any risk of prejudice, *see*

*Ritchie Cap. Mgmt.*, 87 F. Supp. 3d at 471 ("A short stay will not prejudice [the non-moving party].").

For the foregoing reasons, Plaintiff's Motion is granted, and this case is stayed pending the JPML decision regarding consolidation and transfer of this Action.[2] The Parties are directed to file a status letter advising the Court of the JPML's decision within one week of when a ruling is issued.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 23).

SO ORDERED.

DATED:   December 1, 2020
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's deadline to amend her complaint is stayed as well. (*See* Dkt. No. 52.)